UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RONALD G. CHEEK, an individual, | ) ) | |
| | ) | Case No: |
| Plaintiff, | ) ) | Judge: |
| v. | ) ) | Magistrate Judge: |
| NEW ORLEANS CITY, | ) ) ) | |
| Defendant. | ) ) ) | |

## **COMPLAINT**

Plaintiff, DR. RONALD G. CHEEK, hereby files this Complaint and sues NEW ORLEANS CITY ("NEW ORLEANS") for damages, injunctive and declaratory relief, attorneys' fees and costs pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*. ("Americans with Disabilities Act" or "ADA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*. ("Rehabilitation Act"), and the Louisiana Commission on Human Rights, La. Rev. Stat. Ann. § 51:2231 *et seq*. ("LCHR"), and alleges the following:

## **JURISDICTION AND PARTIES**

1. This is an action for injunctive and declaratory relief, compensatory damages, nominal damages, and attorneys' fees and costs to redress the Defendant's unlawful discrimination pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq*., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*., and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq*. This Court is vested with original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. With regards to the request for nominal damages, it is Dr. Cheek's position that an award

1

of nominal damages would confer significant civil rights to the public, as a judgment in his favor against New Orleans, regardless of the amount, would deter New Orleans from discriminating against individuals with mobility disabilities in the future.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the property which is the subject of this action is located in Orleans Parish, Louisiana.

4. Dr. Cheek, is a resident of the State of Louisiana, Jefferson Parish.

5. Dr. Cheek is a qualified individual with a disability under the ADA. Dr. Cheek has T-7 paraplegia.

6. Due to his disability, Dr. Cheek is substantially impaired in several major life activities, including walking and standing, and requires a wheelchair for mobility.

7. Upon information and belief, New Orleans is a political entity located within Orleans Parish, Louisiana.

8. Upon information and belief, New Orleans is the owner and lessor the real properties and improvements that are the subject of this action, to wit: New Orleans Yacht Club, located at 403 N Roadway Street, New Orleans, Louisiana 70124 (hereinafter referred to as "the Property").

9. Upon information and belief, New Orleans Yacht Club ("NOYC") is the lessee and/or operator of the Property.

10. Upon information and belief, the Property is a public facility which is open to members of the public, including Dr. Cheek.

11. New Orleans is responsible for complying with the obligations of the ADA, Rehabilitation Act, and LCHR.

12. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana,

Orleans Parish, Louisiana.

## STATEMENT OF FACTS

13. On or around November 1, 2019, Dr. Cheek received an invitation for a wedding reception that was to take place on November 29, 2019 in the event space on the second floor of the Property.

14. Dr. Cheek visited the property on or around November 15, 2019 to determine whether he would be able to access the second floor of the Property.

15. While at the Property, Dr. Cheek personally encountered the stairs at NOYC, preventing him from accessing the second floor of the Property.

16. Dr. Cheek spoke with the Manager of NOYC and learned that the sole means of access to the second floor is via stairs. Upon information and belief, the Manager of NOYC informed Mr. Cheek that NOYC had offered to pay its lessor, New Orleans, for the cost of installing an elevator at the Property. However, New Orleans would not allow NOYC to install an elevator.

17. Mr. Cheek determined that he would not be able to access the second floor of the Property because he is unable to climb stairs.

18. Mr. Cheek was unable to attend the November 29, 2019 wedding reception because he was unable to access the second floor of the Property.

19. Upon information and belief, as the owner and lessor of the Property, New Orleans approves all improvements and/or alterations made to the Property, including the installation of an elevator.

20. Upon information and belief, the second floor of the Property is available to the public to rent for wedding receptions and other functions.

21. Upon information and belief, the Property was subject to extensive renovations and improvements in 2005 and 2006 for damage caused by Hurricane Katrina.

### COUNT I: VIOLATION OF TITLE II OF THE AMERICANS WITH DISIBILITIES ACT

22. Dr. Cheek repeats and realleges all preceding paragraphs in support of this claim.

23. The Property is a place of public accommodation, subject to the ADA, generally located at 403 N Roadway Street, New Orleans, Louisiana 70124.

24. Dr. Cheek wished to attend the wedding reception of his life-long friend, which took place on November 29, 2019. However, Dr. Cheek was unable to attend the wedding reception because he was unable to access the second floor of the Property.

25. Dr. Cheek has visited the Property in the past.

26. Dr. Cheek has personally encountered and is aware of mobility-related barriers at the Property.

27. Dr. Cheek intends to, and will, enter the Property to utilize its services in the future, but fears that he will encounter the same barriers to access which are the subject of this action.

28. The lack of an elevator is excluding Dr. Cheek from the programs, services, and activities offered at the Property.

29. The lack of an elevator is excluding Dr. Cheek from the equal opportunity to participate in, or benefit from the programs, services, and activities which are offered to the general public at the Property.

30. Dr. Cheek presently fears that he will encounter the mobility-related barriers which exist at the Property when he returns to the Property in the near future.

31. The services that Dr. Cheek has not been able to access at the Property includes, but is

not limited to the second floor, preventing him from attending a wedding reception at the Property.

32. 42 U.S.C. § 12133 provides: "[t]he remedies, procedures, and rights set forth in section 794 of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."

33. New Orleans has discriminated against Dr. Cheek by denying him full access to the services, programs, and/or activities by failing to make its facilities readily accessible as required by U.S.C. §12132 and its implementing regulations 28 C.F.R. Part 35.101-35.190 *et. seq*.

34. New Orleans has discriminated, and is continuing to discriminate, against Dr. Cheek in violation of the ADA by excluding and/or denying Dr. Cheek the full and equal benefits of its services, programs, and/or activities by failing to, inter alia, have accessible facilities. Dr. Cheek personally experienced the barriers to access on the Property discussed herein.

35. 28 C.F.R. § 35.130(4) states that "[a] public entity may not, in determining the site or location of a facility, make selections–(I) [t]hat have the effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination..." New Orleans has violated this provision by providing its services, programs, and/or activities at an inaccessible facility.

36. New Orleans has discriminated against Dr. Cheek by excluding him from participation in, and denying the benefits of, the services, programs, and/or activities at its Property because of Dr. Cheek's disability, all in violation of 42U.S.C.§ 12132.

37. Upon information and belief, New Orleans continues to discriminate against Dr. Cheek by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, programs, activities, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to make such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, programs, and/or activities, segregated or otherwise treated differently than other individuals because of failure to remove architectural barriers.

38. The above conduct constitutes intentional discrimination.

39. The above conduct constitutes deliberate indifference.

40. Upon information and belief, Dr. Cheek has been denied access to, and has been denied the benefits of services, programs and/or activities of New Orleans' Property, and has otherwise been discriminated against and damaged by New Orleans because of New Orleans' discrimination, as set forth above.

41. Dr. Cheek will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. Furthermore, as required by the ADA and other remedial civil rights legislation, to properly remedy New Orleans' discriminatory violations and avoid piecemeal litigation, Dr. Cheek requires a full inspection of the Property in order to catalogue and cure all the areas of non-compliance with the ADA.

42. Dr. Cheek has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from New Orleans pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 35.175.

**43.** Dr. Cheek is suffering irreparable harm.

**44.** Pursuant to 42 U.S.C. § 12131, *et seq*., this Court is provided authority to grant Dr. Cheek's injunctive relief including an Order New Orleans to alter the Property to make its programs, services, and accommodations readily accessible to and useable by Dr. Cheek and all other persons with mobility-related disabilities as defined by the ADA.

<b><u>COUNT II: VIOLATION OF<br>THE REHABILITATION ACT</u></b>

**45.** Dr. Cheek repeats and realleges all preceding paragraphs in support of this claim.

**46.** Dr. Cheek brings this claim against New Orleans, based upon Section 504 of the Rehabilitation Act, 29 U.S.C. §794, *et seq*.

**47.** The Rehabilitation Act provides that:

> *No otherwise qualified individual with handicaps in the United States, as defined by 7(8) [29 USCS § 706(8)], shall, solely by reason of his or her handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.  29 U.S.C. § 794(a).*

**48.** Upon information and belief, a non-exclusive list of New Orleans' violations of the Rehabilitation Act and discriminatory conduct against Dr. Cheek are evidenced by:

    A.    denying Dr. Cheek access to, and the opportunity to participate in or benefit from, the aids, benefits, activities, programs, accommodations, and services offered at the Property;

    B.    by otherwise limiting Dr. Cheek in the enjoyment of the rights, privileges, advantages, and opportunities enjoyed by individuals without disabilities who receive New Orleans' aids, benefits, and services at the Property;

      C.      making facility site or location selections that have the effect of discriminating against individuals with disabilities, and excluding them from and denying them the benefits of, and defeating or substantially impairing the accomplishment of the objectives of, the services, programs, and activities offered by New Orleans at the Property;

      D.      excluding Dr. Cheek from participation in, and the benefits of, New Orleans' services, programs, and activities as a result of New Orleans' Property being inaccessible to or unusable by Dr. Cheek; and

      F.      failing to design and/or construct new facilities, or make alterations to existing facilities, which are readily accessible to and useable by individuals with disabilities.

49. Upon information and belief, there are additional, ongoing violations of the Rehabilitation Act at the Property which Dr. Cheek is more likely than not going to encounter upon future visits to the Property. Dr. Cheek brings this action:

      A.      to redress injuries suffered as a result of New Orleans' discriminatory actions and inactions, as set forth herein;

      B.      to reasonably avoid further and future injury as a result of New Orleans' ongoing failure to cease their discriminatory practices as set forth in this action, including correcting violations of the ADA and Rehabilitation Act;

      C.      to ensure New Orleans' Property is accessible as required by the relevant applications of Title II of the ADA;

      D.      to be made whole and ensure future compliance; and

      E.      to reasonably avoid future ADA and Rehabilitation Act litigation

involving the same Property and under the same laws, as set forth herein, with its concomitant impact on otherwise scarce judicial resources.

50. Only through a complete inspection of the Property and related facilities, undertaken by Dr. Cheek and/or his representatives, can all said violations be identified and cured so as to ensure access for people with mobility-related disabilities, the primary purpose of this action.

51. Upon information and belief, New Orleans is the recipient of federal funds.

52. Upon information and belief, as the recipient of federal funds, New Orleans is liable for damages to Dr. Cheek as a result of its acts and omissions constituting intentional discrimination. It is Dr. Cheek's position that even an award of nominal damages in his favor would confer significant civil rights to the public, as a judgment of against New Orleans, regardless of the amount, would likely deter New Orleans from discriminating against individuals with disabilities in the future.

53. As set forth above, Dr. Cheek has been denied access to, and without the relief requested herein will continue to be denied the access to, the goods, services, programs, facilities, activities, and accommodations offered by New Orleans, solely by reason of his disability, and has otherwise been discriminated against and damaged solely by reason of his disability, as a result of New Orleans' Rehabilitation Act violations set forth above.

54. Dr. Cheek has been obligated to retain undersigned counsel for the filing and prosecution of this action. Dr. Cheek is entitled to recover reasonable attorneys' fees, costs, and litigation expenses from New Orleans pursuant to 29 U.S.C. §794(b).

55. Pursuant to 29 U.S.C. §794(a), this Court is provided authority to grant Dr. Cheek injunctive relief, including an Order that New Orleans alter the subject premises,

facilities, services, activities, programs, and accommodations to make them accessible to and useable by individuals with disabilities to the extent required by the Rehabilitation Act. This Court is also provided authority to grant Dr. Cheek compensatory damages for New Orleans' discriminatory actions.

56. Upon information and belief, as set forth herein, New Orleans has violated the Rehabilitation Act by intentionally excluding Dr. Cheek, solely by reason of his disability, from the participation in, and denying him the benefits of, and has otherwise subjected him to discrimination under New Orleans' programs and activities. These actions constitute intentional discrimination and deliberate indifference.

## COUNT III: VIOLATION OF THE
## LOUISIANA COMMISSION ON HUMAN RIGHTS

57. Dr. Cheek repeats and realleges all preceding paragraphs in support of this claim.

58. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied the conduct of New Orleans.

59. At all times relevant to this action, Dr. Cheek has experienced substantial limitations to several major life activities, including walking and standing; has been diagnosed with T-7 paraplegia; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

60. At all times relevant to this action, New Orleans' Property has qualified as places of public accommodation, as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

61. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

62. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

63. Defendant discriminated against Dr. Cheek, on the basis of disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to many of the architectural barriers discussed in this Complaint.

64. Dr. Cheek deems himself injured by New Orleans' discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss he sustained as a result of Defendant's discriminatory conduct and deliberate indifference as alleged herein above.

65. Dr. Cheek is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

## PRAYER FOR RELIEF

WHEREFORE, Dr. Cheek prays that:

    A.     This Court issue a Declaratory Judgment that determines that New Orleans is in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*;

    B.     This Court issue a Declaratory Judgment that determines that the Property,

        programs, and activities owned, operated, and administered by New Orleans are in violation of the Rehabilitation Act;

C. This Court issue a Declaratory Judgment that determines that the Property, programs, and activities owned, operated, and administered by New Orleans are in violation of the LCHR;

D. This Court issue a Declaratory Judgment that determines that the Property, programs and activities owned, operated and administered by New Orleans is in violation of the Rehabilitation Act;

E. This Court grant permanent injunctive relief against New Orleans including an Order to make all required alterations to the Property; or to make such Property readily accessible to and usable by individuals with disabilities to the extent required by the ADA and LCHR; and to require New Orleans to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of failure to remove mobility-related barriers;

F. This Court enter an Order directing New Orleans to alter and modify the Property and its programs, services, and accommodations to comply with the ADA, Rehabilitation Act, and the LCHR;

F. This Court award Dr. Cheek monetary damages (including nominal

   damages) pursuant to the ADA and/or Rehabilitation Act, and the LCHR for the harmed caused by New Orleans' discrimination;

F. This Court award Dr. Cheek reasonable attorneys' fees, costs, and litigation expenses pursuant to 29 U.S.C. § 794a(a)2 and 42 U.S.C. § 12205, 28 C.F.R. § 35.175 and the LCHR; and

G. Such other relief as the Court deems just and proper, and/or is allowable under Title II of the ADA, the Rehabilitation Act, and the LCHR.

   Respectfully Submitted,

   /s/ Emily A. Westermeier
   BIZER & DEREUS, LLC
   Attorneys for Plaintiff
   Andrew D. Bizer (30396)
   andrew@bizerlaw.com
   Garret S. DeReus (LA # 35105)
   gdereus@bizerlaw.com
   Emily A. Westermeier (LA # 36294)
   ewest@bizerlaw.com
   3319 St. Claude Ave.
   New Orleans, LA 70117
   T: 504-619-9999; F: 504-948-9996